**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

---

**IN RE: SUBPOENA TO ROBERT SEGALL**

**ISSUED FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY IN LY BERDITCHEV CORP. V. TRUSS COSMETICS CORP. ET AL. CASE NO. 2:22-CV-04242-BRM-CF (D.N.J.)**

---

**MOTION TO QUASH OR MODIFY SUBPOENA AND FOR PROTECTIVE ORDER**

COMES NOW, NON-PARTY ROBERT SEGALL, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 45(d)(3) and 26(c), respectfully moves this Court to quash the subpoena issued by Plaintiff LY Berditchev Corp. in *LY Berditchev Corp. v. Truss Cosmetics Corp. et al.*, No. 2:22-cv-04242-BRM-CF (D.N.J.), or, in the alternative, to modify the subpoena and enter a protective order limiting any deposition to nonprivileged factual matters actually contained in Mr. Segall's April 17, 2024 declaration.

This motion is necessary because Plaintiff seeks an unrestricted deposition of a non-party attorney concerning legal work performed for current and former clients. The subpoena commands compliance in Boca Raton, Florida, and therefore implicates this Court's authority under Rule 45. The dispute is not merely about scheduling. It concerns service, compliance district, undue burden, attorney-client privilege, work-product protection, confidential client matters, and the permissible scope of any testimony.

The subpoena was originally noticed for May 21, 2026. Since then, the District of New Jersey Court entered a May 18, 2026 Text Order directing counsel for Plaintiff and Mr. Segall to appear for an in-person meet and confer on May 22, 2026, and directing counsel for Mr. Segall to identify his June travel dates and proposed deposition dates. See Ex. H. Accordingly, Mr. Segall seeks Rule 45 relief from this Court before any deposition is compelled or proceeds.

## I. FACTUAL BACKGROUND

Mr. Segall is not a party to the underlying action. He is an attorney who previously submitted a declaration in the District of New Jersey action concerning certain Amazon marketplace issues, including Amazon policies, duplicate or inaccurate TRUSS brand product listings, and ASIN-level reports submitted through Amazon's reporting system. See Ex. D. The declaration sets forth the nonprivileged factual contentions that Mr. Segall disclosed. It did not disclose or waive attorney-client privilege, work-product protection, legal strategy, mental impressions, or confidential client communications.

The subpoena directs Mr. Segall to appear for deposition at Cahen Law, P.A. in Boca Raton, Florida. See Ex. E. Mr. Segall resides and principally works in Florida. See Ex. B ¶ 2. He contends that no personal delivery of the subpoena to him occurred. Id. ¶ 3. On April 21, 2026, the District of New Jersey Court directed Plaintiff's counsel and Mr. Segall's counsel to meet and confer regarding the issues surrounding service of the subpoena and the scope of the anticipated questions and directed Plaintiff to attempt service in Florida. See Ex. C ¶ 3. Despite that directive, Plaintiff served or attempted to serve the subpoena on May 8, 2026, with a May 21 return date. See Exs. B ¶ 3, C ¶ 4, E.

The same day, Mr. Segall's New Jersey counsel advised Plaintiff's counsel that Mr. Segall was unavailable on May 21 because of preexisting out-of-state business travel, requested an

adjournment, preserved objections, and reminded Plaintiff's counsel of the need to complete the Court-ordered meet-and-confer process. See Ex. C ¶ 4. The parties conferred on May 12, 2026. Plaintiff insisted that Mr. Segall appear on May 21 or provide another date. Id. ¶ 5. Mr. Segall's counsel then advised Plaintiff that Mr. Segall also had preexisting international travel for much of June and proposed a mutually convenient date in mid-July to permit orderly resolution of the Rule 45, service, burden, privilege, work-product, and scope issues. Id. ¶ 6. Plaintiff rejected that proposal. Id.

On May 12, 2026, Mr. Segall filed a letter with the District of New Jersey Court requesting a temporary stay of the May 21 return date and explaining that he was not refusing to appear, but instead sought time for his objections to be resolved in an orderly manner. See Ex. A. The letter also explained that any deposition, if permitted, could still occur well before the Court's August 12, 2026 status conference. Id.

On May 13, 2026, Judge Fais directed counsel to make renewed efforts to agree on a deposition date in an effort to avoid motion practice. See Ex. C ¶ 12. In response, Mr. Segall's counsel attempted to narrow the dispute. On May 14, 2026, counsel provided Plaintiff's counsel with proposed limitations designed to prevent inquiry into privileged communications, attorney work product, confidential client matters, unrelated Amazon enforcement work, opinion testimony, and matters outside Mr. Segall's prior declaration. See Ex. F. Plaintiff rejected those limitations outright, stating that Plaintiff "cannot agree." Id.; Ex. C ¶ 13.

Plaintiff's May 15, 2026 submission to the District of New Jersey Court confirms that the privilege and work-product concerns are real, not speculative. Plaintiff argued that Mr. Segall should be questioned concerning communications involving Truss, Beauty Pro, Front Row, and Mr. Furman, as well as Mr. Furman's transcript, Amazon policies, Amazon enforcement issues,

and alleged opinions or conclusions contained in Mr. Segall's prior declaration. See Ex. G. Those topics directly implicate privileged communications, attorney work product, confidential client matters, and legal strategy involving current and former clients.

Mr. Segall's work concerning the Amazon reports was performed in his capacity as counsel for TRUSS COSMETICS CORP. and/or LOMA LICENCIAMENTO DE MARCAS LTDA, the owner of the TRUSS brand. See Ex. B ¶ 6. Those entities are referred to as the "Truss Clients." At relevant times, the Amazon marketplace issues also involved Dare to be Grah LLC, d/b/a Front Row Group, Beauty Pro Distributors LLC, and FB Select LLC, which were involved in Truss's Amazon seller/distributor relationship and/or Amazon marketplace strategy. Id. ¶ 7. Those entities are referred to as the "Amazon Seller Clients." The Truss Clients and Amazon Seller Clients were, at relevant times, current or former clients of Mr. Segall's firm, and certain of those entities remain current clients today. Id. ¶ 9. An unrestricted deposition would risk inquiry into privileged communications, attorney work product, legal advice, mental impressions, Amazon enforcement strategy, distribution strategy, and confidential client matters involving those clients, Adam Furman, and related communications. Id.; Ex. C ¶¶ 7-10.

On May 18, 2026, the District of New Jersey Court entered a further Text Order directing an in-person meet and confer and directing Mr. Segall's counsel to identify June travel dates and proposed deposition dates. See Ex. H. Mr. Segall will comply with that order. But the May 18 Text Order does not adjudicate service, Rule 45 compliance-district authority, undue burden, privilege, work product, confidentiality, or the permissible scope of any deposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3)(A) requires "the court for the district where compliance is required" to quash or modify a subpoena that fails to allow a reasonable time to

comply, requires disclosure of privileged or protected matter if no exception or waiver applies, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i), (iii), (iv). Rule 45(d)(3)(B) further authorizes the court to quash or modify a subpoena requiring disclosure of certain protected information or unretained expert opinion. Fed. R. Civ. P. 45(d)(3)(B). Rule 45(f) allows the compliance court to transfer a subpoena-related motion to the issuing court only if the person subject to the subpoena consents or if the court finds exceptional circumstances. Fed. R. Civ. P. 45(f).

Rule 26(c) authorizes the Court, for good cause, to enter a protective order protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including by forbidding discovery, limiting its scope, specifying terms, prescribing a discovery method, or forbidding inquiry into certain matters. Fed. R. Civ. P. 26(c)(1)(A), (B), (D).

Courts in this Circuit and District consider relevance, need, breadth, burden, and non-party status when evaluating undue burden under Rule 45. See *Goodman-Gable-Gould Co. v. Tiara Condo. Ass'n, Inc.*, No. 06-80441-CIV, 2007 WL 9701950, at *3 (S.D. Fla. Apr. 6, 2007). Non-party status weighs against imposing discovery burdens. *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir. 2020). Short notice may also render a subpoena unreasonable. See *Antech Diagnostics, Inc. v. Posner*, No. 17-80185-CV, 2017 WL 6948590, at *1 (S.D. Fla. Nov. 14, 2017) (noting that courts have found fourteen days presumptively reasonable and citing *Lauderhill Mall Inv., LLC v. Arch Specialty Ins. Co.*, No. 14-cv-21003, 2014 WL 11906637 (S.D. Fla. July 29, 2014)).

Depositions of attorneys require heightened scrutiny because they risk intrusion into attorney-client privilege, attorney work product, mental impressions, and legal strategy. Courts applying the *Shelton* standard generally require the party seeking an attorney deposition to show

that: (1) no other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Whether applied directly or considered as persuasive guidance under Rule 26(c), those concerns are present here because Plaintiff seeks to depose a non-party attorney about legal work performed for current and former clients.

## III. ARGUMENT

### A. This Court Is the Rule 45 Compliance Court.

The subpoena commands compliance in Boca Raton, Florida. See Ex. E. This Court is therefore the Rule 45 compliance court and is the proper court to address Mr. Segall's objections, including service, reasonable time to comply, undue burden, privilege, work product, and the appropriate scope of any deposition. Fed. R. Civ. P. 45(d)(3)(A).

The District of New Jersey's May 18, 2026 Text Order does not resolve the Rule 45 issues presented here. See Ex. H. It directs counsel to meet and confer and directs counsel for Mr. Segall to identify June travel dates and proposed deposition dates. Mr. Segall will comply with that order. But participation in a court-ordered meet and confer should not be construed as consent to an unrestricted deposition, waiver of Rule 45 objections, or consent to proceed before service, burden, privilege, work-product, and scope issues are resolved.

Nor does any prior order in the District of New Jersey eliminate Rule 45's protections. Rule 45 permits a subpoena to issue from the court where the action is pending, but motions to quash or modify are directed to the court where compliance is required. Fed. R. Civ. P. 45(a)(2), 45(d)(3).

### B. The Subpoena Imposes Undue Burden on a Non-Party Attorney.

The subpoena should be quashed or modified because it imposes undue burden on a non-party attorney. Plaintiff noticed the deposition for May 21, 2026, only thirteen days after the May

service attempt. See Exs. B ¶ 3, C ¶ 4, E. Mr. Segall had already disclosed that he was unavailable that day due to preexisting business travel. See Ex. C ¶ 4. He also disclosed preexisting international travel for much of June and proposed a mutually convenient date in mid-July. Id. ¶ 6; Ex. A. Plaintiff rejected that proposal and refused meaningful scope limitations. See Exs. C ¶ 13, F.

The burden is heightened because Mr. Segall is not a party, has no stake in the underlying action, and is being asked to prepare for a deposition concerning legal work performed for clients. The relevant nonprivileged facts have already been disclosed in his prior declaration or are available from other sources, including Amazon and the parties. See Ex. B ¶ 5; Ex. D. Plaintiff has not shown that it needs an unrestricted deposition of a non-party attorney to obtain duplicative information already contained in the record.

Mr. Segall does not refuse to provide properly compelled testimony. His declaration states that he has no intent to evade or avoid testifying under oath if properly compelled in accordance with the Federal Rules. See Ex. B ¶ 11. He simply seeks protection from an overbroad and unduly burdensome subpoena that risks disclosure of privileged or protected information.

**C. The Subpoena Risks Privileged and Protected Inquiry Into Legal Work for Current and Former Clients.**

The subpoena should also be quashed or limited because it seeks testimony from a non-party attorney concerning legal work performed for current and former clients. Mr. Segall's involvement was not that of an ordinary percipient witness. His Amazon reporting work was performed in his capacity as counsel for and involved the Truss Clients, the Amazon Seller Clients, Mr. Furman, and related client communications. See Ex. B ¶¶ 6-9; Ex. C ¶¶ 7-10.

Mr. Segall's prior declaration disclosed certain nonprivileged factual contentions concerning Amazon's policies, inaccurate duplicate listings, and ASIN-level reports. See Ex. D. It did not disclose or waive attorney-client communications, attorney work product, legal advice, mental impressions, Amazon enforcement strategy, distribution strategy, or confidential client matters. A declaration addressing limited nonprivileged facts cannot be transformed into a wholesale waiver permitting unrestricted examination of a lawyer concerning client communications and legal strategy.

Plaintiff's own filings confirm the problem. Plaintiff seeks to ask about communications involving Truss, Beauty Pro, Front Row, and Mr. Furman, and seeks to require Mr. Segall to comment on Mr. Furman's testimony and broader Amazon enforcement issues. See Ex. G. Plaintiff also rejected Mr. Segall's proposed limitations outright, stating only that Plaintiff "cannot agree," without meaningfully addressing the attorney-client privilege, work-product, confidentiality, and current-or-former-client concerns raised by those proposed limitations. See Ex. F. Those topics create obvious privilege, work-product, confidentiality, burden, and relevance concerns. Without a protective order, the deposition would predictably become a question-by-question dispute over privileged communications and legal work product involving current and former clients. Rule 45 and Rule 26 exist to prevent that burden before it occurs.

The distinction is straightforward. To the extent Plaintiff seeks to verify the nonprivileged factual statements in Mr. Segall's declaration, those facts are already identified in the declaration and can be more accurately verified through Amazon's own records, including reporting records, submission history, listing data, complaint status, and any resulting Amazon action. To the extent Plaintiff seeks testimony beyond those nonprivileged facts, the inquiry necessarily risks moving

into privileged communications, attorney work product, legal advice, mental impressions, Amazon enforcement strategy, client relationships, or matters outside the scope of the declaration.

Plaintiff therefore cannot justify an unrestricted deposition of a non-party attorney. The appropriate line is a limited, nonprivileged deposition concerning the actual factual statements in Mr. Segall's declaration, with all privileged communications, work product, legal strategy, confidential client matters, and unrelated Amazon enforcement issues excluded.

**D. At Minimum, Any Deposition Must Be Strictly Limited by Protective Order.**

If the Court declines to quash the subpoena in its entirety, it should enter a protective order strictly limiting any deposition to nonprivileged factual questions concerning the specific factual contentions in Mr. Segall's April 17, 2024 declaration and the specific Amazon submissions identified therein. See Ex. D.

This limitation is necessary because Plaintiff's stated areas of inquiry go beyond confirming the limited nonprivileged factual statements in the declaration and instead reach communications, opinions, analysis, and testimony concerning other witnesses and client relationships. See Exs. F, G.

The Court should prohibit inquiry into attorney-client communications, attorney work product, legal advice, mental impressions, legal strategy, Amazon enforcement strategy, distribution strategy, confidential current or former client matters, unrelated Amazon complaints or reports, unrelated client matters, and any topics outside the nonprivileged factual statements contained in the prior declaration. The detailed proposed limitations are reflected in Exhibit F and in the proposed order submitted with this motion.

The Court should also require that any deposition be conducted virtually, on a mutually convenient date after the Court resolves the permissible scope, and only after Plaintiff provides a

written list of proposed topics limited to the nonprivileged factual contentions in the April 17, 2024 declaration. This procedure would preserve Plaintiff's ability to obtain any properly discoverable nonprivileged facts while protecting privilege, work product, confidential client matters, and Mr. Segall's rights as a non-party.

## IV. CONCLUSION

For the foregoing reasons, Mr. Segall respectfully requests that the Court quash the subpoena in its entirety. In the alternative, Mr. Segall requests that the Court modify the subpoena and enter a protective order limiting any deposition to nonprivileged factual questions concerning the specific factual contentions in his April 17, 2024 declaration and the specific Amazon submissions identified therein.

Mr. Segall further requests that any deposition, if permitted, be conducted virtually on a mutually convenient date after the Court resolves the permissible scope, and that Plaintiff be prohibited from questioning Mr. Segall concerning attorney-client communications, attorney work product, legal advice, mental impressions, Amazon enforcement strategy, unrelated complaints, unrelated client matters, or confidential current or former client matters involving the Truss Clients, the Amazon Seller Clients, Mr. Furman, or any other client.

Mr. Segall also requests such other and further relief as the Court deems just and proper.

Dated:  May 18, 2026                                    Respectfully submitted,

By:/s/ Louis R. Gigliotti/
Louis R. Gigliotti, Esq.
Louis R. Gigliotti, PA
Florida Bar No.: 71935
114 Goya Way
St. Augustine, FL 32086
Ph/Fax: (954) 471-4392
lgigliotti@bellsouth.net

**Rule 7.01 Certification.**

Undersigned counsel has worked with local New Jersey counsel to confirm that meet and confer requirements have been met, and that the parties cannot agree on the protection sought that is the basis of the Motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served via electronic mail on this 18th day of May 2026 and via email.

By:     /s/Louis R. Gigliotti
Louis R. Gigliotti, Esq.